**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-00543

LOCAL COUNSEL, LLC D/B/A DOCKETLY,

    Plaintiff,

v.

MICHAEL ZOOK, JR., an individual,

    Defendant.

___

**COMPLAINT AND JURY DEMAND**
___

Plaintiff Local Counsel, LLC d/b/a Docketly ("**Docketly**"), by and through its undersigned counsel, and for its Complaint (the "Complaint") against Defendant Michael Zook, Jr. ("**Zook**"), states and alleges as follows:

### I.   PARTIES

1.    Docketly is an Indiana limited liability company with its principal place of business located in Longmont, Colorado.

2.    Upon information and belief, Zook is an individual residing in Arvada, Colorado.

### II.   JURISDICTION AND VENUE

3.    This action is brought, in part, under the Defend Trade Secrets Act, 18 U.S.C. § 1836 and, in part, under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. This Court has subject matter jurisdiction over Docketly's federal law claims pursuant to

28 U.S.C. §§ 1331 and supplemental jurisdiction over Docketly's claims under Colorado state law pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Zook because Zook resides in and does business in this judicial district; because Zook's commission of tortious acts reaches this judicial district; and because many of the activities regarding misappropriation of trade secrets and highly confidential information occurred or are occurring in this judicial district.

5. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b) because Zook lives in this judicial district and a substantial part of the events giving rise to Docketly's claims occurred in this judicial district.

### III. GENERAL ALLEGATIONS

6. Docketly is dedicated to providing the most efficient, cost-effective, and friendly process for attorneys and law firms seeking local counsel for hearing coverage. Docketly offers its clients a smart, automated system that leverages agile technology to streamline hearing coverage management and utilizes a vetted network of attorneys to assist its clients to cover hearings throughout the United States.

7. Docketly's business relies heavily on its relationships with its customers, and Docketly has contributed significant resources to the development and expansion of such relationships.

*Docketly's Confidential Information*

8. Docketly possesses technical and non-technical information and data relating to its technology, research, products, services, customers, and other business practices (the "**Docketly Confidential Information**").

9. Specifically, the Docketly Confidential Information includes technical information relating to methods, processes, formulae, compositions, systems, techniques, inventions, machines, computer programs, research projects, and knowledge pertaining to the niche business of providing a semi-automated platform to allow law firms and other businesses to retain attorneys to fill certain appearance needs.

10. The Docketly Confidential Information also includes customer information, financial data pertaining to both Docketly and its clients, contractual or other general business information, sales, pricing and revenue information, price lists and information, business plans, databases, and contracts.

11. The confidentiality of Docketly Confidential Information is critical for the maintenance of Docketly's business practice.

12. Docketly contributed significant resources in developing the Docketly Confidential Information, including thousands of hours in research and development, especially with regard to developing and maintaining meaningful customer relationships.

13. Docketly derives significant competitive advantage from the Docketly Confidential Information and from maintaining the confidentiality of the Docketly Confidential Information.

14. Docketly protects the secrecy of the Docketly Confidential Information by, among other things, requiring its employees to sign strict confidentiality agreements and requiring its employees to comply with the Terms of Use associated with Docketly's software service.

15. Docketly also strictly limits its employees' access to Docketly Confidential Information only to the portions they need to do their jobs. To accomplish this, Docketly, among other things, assigns its employees unique log-in credentials that only allow the employees access

to the portions of Docketly Confidential Information that are needed for them to accomplish their work tasks.

16. Docketly also stores portions of the Docketly Confidential Information in separate and unique databases that require separate and unique log-in credentials that are assigned to each employee.

*Zook's Employment with Docketly*

17. Docketly hired Zook as a Sales Manager on April 13, 2018.

18. Zook's job responsibilities included, amongst other things, developing strategies to obtain additional business from law firms and various other clients (both existing and prospective), meeting with clients and prospective clients to discuss Docketly services and internal initiatives, recruiting additional attorneys to become part of Docketly's network, and coordinating with Docketly's marketing department to determine pricing and variables affecting pricing throughout the United States.

19. As part of his employment with Docketly, Zook agreed to an Employee Non-Disclosure & Non-Compete Agreement (the "**Non-Disclosure Agreement**").

20. Pursuant to the Non-Disclosure Agreement, Zook agreed not to "use for others, or [himself], or disclose or divulge to others including future employees, any trade secrets, confidential information, or any other proprietary data of [Docketly]…"

21. Also as part of his employment with Docketly, Zook agreed to be bound by Docketly's Terms of Use, Revision 9, dated December 20, 2019 (the "**TOU**").

22. Pursuant to the TOU, Zook agreed not to disseminate any Docketly Confidential Information:

4

> You shall not sell, license, rent, modify, distribute, copy, reproduce, transmit, publicly display, publicly perform, publish, adapt, edit, create derivative works from, or otherwise exploit any Content or third party submissions or other proprietary rights not owned by you, (i) without the consent of the respective owners or other valid right, and (ii) in any way that violates a third party right . . . . You shall not store any significant portion of any Content in any form.

23. Docketly created an e-mail account for Zook (the "**Docketly E-mail Account**"), issued a Docketly computer to Zook and authorized Zook to access the Docketly Confidential Information subject to his obligations under the Non-Disclosure Agreement and the TOU.

24. As with other employees, Docketly assigned Zook unique log-in credentials that allowed him to access the Docketly databases and information he needed to perform his work, including portions of the Docketly Confidential Information.

### *Discovery of Zook's Misconduct*

25. Zook tendered his resignation to Docketly on February 10, 2021 and returned the computer that he had been issued by Docketly.

26. During a routine audit following Zook's resignation, Docketly discovered that Zook had deleted extensive amounts of information from the computer that he had been issued by Docketly.

27. Docketly immediately reviewed its log file records and determined that Zook had used his Docketly access credentials shortly before he tendered his resignation to access various databases that contain Docketly Confidential Information.

28. Docketly determined that Zook copied extensive portions of Docketly Confidential Information, including customer information and sales data.

5

29. Upon information and belief, prior to resigning, Zook used the credentials provided to him by Docketly to systematically copy thousands of files containing Docketly Confidential Information.

30. Upon information and belief, prior to resigning, Zook emailed Docketly Confidential Information to himself.

31. Upon information and belief, Zook deleted information from the computer he had been issued by Docketly.

32. Upon information and belief, Zook deleted information from the computer he had been issued by Docketly in order to deprive Docketly permanently of the use and benefit of the information.

33. Upon information and belief, Zook deleted information from the computer he had been issued by Docketly in order to conceal the fact that he had misused his Docketly credentials to improperly copy files that contained Docketly Confidential Information.

34. Upon information and belief, Zook has accessed and continues to access the Docketly Confidential Information that he took from Docketly without permission using various computer devices, including personal computer(s), mobile computing device(s), and a cellular phone(s).

35. Upon information and belief, Zook has accessed and continues to access one or more email accounts to view, transmit, and use the Docketly Confidential Information.

36. Upon information and belief, Zook has saved the Docketly Confidential Information in various locations and using various devices, including computer(s), mobile device(s), external memory device(s), and cloud storage account(s).

**FIRST CLAIM FOR RELIEF**
**(Violation of Computer Fraud and Abuse Act – 18 U.S.C. § 1030)**

37. Docketly hereby incorporates the allegations set forth in paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38. Docketly does business with customers across the United States.

39. Because of Docketly's nationwide reach, Docketly's computers, computer systems, and email servers (collectively, "**Docketly's Systems**") are used in or affect interstate commerce or communication and are thus "protected computers" under the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030(e)(2) ("**CFAA**").

40. Zook, knowingly and with intent to defraud, accessed Docketly's Systems to further a fraud, obtain something of value, and/or to recklessly cause damage and/or loss, including, without limitation, damage to Docketly's Systems, loss of data, and damage to Docketly's business reputation and current and prospective customer and partner relationships.

41. Zook's access violated the express terms of the TOU and the Non-Disclosure Agreement.

42. Zook's access was thus unauthorized and/or in excess of his authorization as an employee of Docketly.

43. By means of his copying the Docketly Confidential Information, Zook furthered the intended fraud and obtained things of value, including, without limitation, the Docketly Confidential Information.

44. Zook's intentional and unauthorized access of Docketly's Systems caused damage and/or loss to Docketly, including but not limited to the loss of access to, control of, or use of the Docketly Confidential Information, the costs associated with investigating and assessing the

7

damage caused by Zook's conduct, and the costs associated with restoring the Confidential Information.

45. Zook's conduct has caused Docketly damage and/or loss in an amount that equals or exceeds at least $5,000.00, and Docketly is entitled to compensatory damages and injunctive relief or other equitable relief necessary to prevent ongoing damage and/or loss.

## SECOND CLAIM FOR RELIEF
### (Violation of Defend Trade Secrets Act—18 U.S.C. § 1836)

46. Docketly incorporates by reference the allegations contained in paragraphs 1 through 45 as if fully set forth herein.

47. Zook wrongfully acquired and/or used and/or disclosed trade secrets within the meaning of the Defend Trade Secrets Act, 18 U.S.C. § 1836, which belong to and are proprietary to Docketly and which derive economic value from the fact that they are not known to others and which are not readily ascertainable by proper means by others.

48. The trade secrets improperly acquired, used, and/or disclosed by Zook include the Docketly Confidential Information, which includes but is not limited to information and data related to Docketly, its customers, and the services Docketly has provided its customers.

49. The Docketly Confidential Information is a valuable and lucrative asset of Docketly that constitutes a legally protectable trade secret.

50. Docketly developed and retains all rights to the Docketly Confidential Information and all information contained therein.

51. To protect its competitive advantage, Docketly has taken steps to protect its highly confidential, proprietary, and valuable Docketly Confidential Information from improper use or

disclosure, including by limiting access to the Docketly Confidential Information through credential limitations and legal agreements.

52. Docketly's Confidential Information is related to a service used in interstate commerce, namely various specialized services provided by Docketly to customers around the country.

53. The Docketly Confidential Information, which is a proprietary and valuable trade secret of Docketly, is secret, of value, related to a service used in, or intended for use in, interstate or foreign commerce, and thus is a trade secret pursuant to 18 U.S.C. § 1836.

54. Zook acquired the Docketly Confidential Information without Docketly's knowledge or permission. Zook knows, or has reason to know, that Docketly did not consent to Zook's use of Docketly's Confidential Information or to Zook's retention of the Docketly Confidential Information and that, given the confidential and proprietary nature of the Docketly Confidential Information, Zook's use and/or retention of the Docketly Confidential Information violated 18 U.S.C. § 1836.

55. Zook has wrongfully benefited from his misappropriation of Docketly's trade secrets, and Docketly has been damaged by this misappropriation in an amount to be determined at trial.

56. Zook's misappropriation of Docketly's trade secrets for his own benefit was attended by circumstances of fraud, malice, and a willful and wanton disregard of Docketly's rights. Thus, Docketly is entitled to exemplary damages pursuant to 18 U.S.C. § 1836(b)(3)(C).

57. As a result of Zook's misappropriation of Docketly's trade secrets, Docketly has suffered and will continue to suffer great and irreparable harm for which no adequate remedy at

law exists. Unless Zook is preliminarily and permanently enjoined from further misappropriation of Docketly's trade secrets, Docketly will continue to suffer great and irreparable harm for which no adequate remedy at law exists.

### THIRD CLAIM FOR RELIEF
### (Violation of Colorado Uniform Trade Secrets Act—C.R.S. §§ 7-74-101, *et seq*.)

58. Docketly incorporates by reference the allegations contained in paragraphs 1 through 57 as if fully set forth herein.

59. Zook wrongfully acquired and/or used and/or disclosed trade secrets within the meaning of the Colorado Uniform Trade Secrets Act, C.R.S. §§ 7-74-101, *et seq*. and under the common law which belong to and are proprietary to Docketly and which derive economic value from the fact that they are not known to others and which are not readily ascertainable by proper means by others.

60. The trade secrets improperly acquired, used, and/or disclosed by Zook include the Docketly Confidential Information, which includes but is not limited to information and data related to Docketly, its customers, and the service Docketly provides to its customers.

61. The Docketly Confidential Information is a valuable and lucrative asset of Docketly that constitutes a legally protectable trade secret.

62. Docketly developed and retains all rights to the Docketly Confidential Information and all information contained therein.

63. To protect its competitive advantage, Docketly has taken steps to protect its highly confidential, proprietary, and valuable Docketly Confidential Information from improper use or disclosure, including by limiting access to the Docketly Confidential Information through credential limitations and legal agreements.

64. Docketly's trade secrets are related to a service used in interstate commerce, namely specialized consulting services provided by Docketly to customers around the country.

65. Docketly's Confidential Information, which is a proprietary and valuable trade secret of Docketly, is secret, of value and thus is a trade secret pursuant to C.R.S. §§ 7-74-101, *et seq*.

66. Zook acquired Docketly's Confidential Information without Docketly's knowledge or permission. Zook knows, or has reason to know, that Docketly did not consent to Zook's use or retention of Docketly's Confidential Information, and that, given the confidential and proprietary nature of Docketly's Confidential Information, Zook's use or acquisition of the Docketly Confidential Information violated C.R.S. §§ 7-74-101, *et seq*.

67. Zook has wrongfully benefited from his misappropriation of Docketly's trade secrets, and Docketly has been damaged by this misappropriation in an amount to be determined at trial.

68. Zook's misappropriation of Docketly's trade secrets for his own benefit was attended by circumstances of fraud, malice, and a willful and wanton disregard of Docketly's rights. Thus, Docketly is entitled to exemplary damages pursuant to C.R.S. § 7-74-104(2).

69. As a result of Zook's misappropriation of Docketly's trade secrets, Docketly has suffered and will continue to suffer great and irreparable harm for which no adequate remedy at law exists. Unless Zook is preliminarily and permanently enjoined from further misappropriation of Docketly's trade secrets, Docketly will continue to suffer great and irreparable harm for which no adequate remedy at law exists.

## FOURTH CLAIM FOR RELIEF
### (Breach of Fiduciary Duty – Colorado Common Law)

70. Docketly hereby incorporates the allegations set forth in paragraphs 1 through 69 of the Complaint as if fully set forth herein.

71. Zook owed fiduciary duties of care and loyalty to Docketly.

72. Zook owed Docketly the duty, among other things, to hold confidential Docketly's trade secrets and other proprietary and confidential information, and not to take Docketly's confidential information for his personal use and/or to use or disclose such information in excess of the scope of his employment at Docketly.

73. Zook breached his fiduciary duties to Docketly by, among other things, improperly copying the Docketly Confidential Information without authorization and in excess of the scope of his employment.

74. Upon information or belief, Zook further breached his fiduciary duties to Docketly by copying the Docketly Confidential Information and other confidential information of Docketly with the intent of using such information for his personal use and/or to use or disclose such information to compete with Docketly.

75. As a direct result of Zook's breach of his fiduciary duties to Docketly, Docketly has suffered damages in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment – Colorado Common Law)

76. Docketly hereby incorporates the allegations set forth in paragraphs 1 through 75 of the Complaint as if fully set forth herein.

12

77. Zook has benefitted from obtaining the confidential and proprietary information of Docketly, including through his unauthorized procurement of Docketly's Confidential Information. The Docketly Confidential Information is beneficial as it would allow Zook to compete directly with Docketly, either alone or on behalf of one of Docketly's competitors.

78. Zook's enjoyment of Docketly's Confidential Information has been at Docketly's expense because, among other ways, Docketly has developed its Confidential Information over time and at great expense.

79. Zook has accepted the benefits of Docketly's confidential and proprietary information without compensating Docketly.

80. It would be unjust to allow Zook to benefit from Docketly's confidential and proprietary information without compensating Docketly.

81. As a direct and proximate cause of Zook's unjust enrichment, Docketly has been damaged in an amount to be proven at trial.

### SIXTH CLAIM FOR RELIEF
### (Civil Theft – Colorado Common Law)

82. Docketly incorporates by reference paragraphs 1 through 81 of the Complaint as if set forth herein.

83. As further alleged herein, Zook has taken possession of, and exercises dominion and control over, reports, information, data, and documents of value belonging to Docketly.

84. Upon information and belief, Zook intends to permanently deprive Docketly of the use and benefit of its property.

85. Despite demand, Zook has refused and continues to refuse to return Docketly's property.

86. Docketly has been damaged and continues to incur damages from Zook's acts in an amount to be proven at trial. As a result of Zook's actions, Docketly is entitled to an award of treble damages, costs, and attorney fees from Zook.

**SEVENTH CLAIM FOR RELIEF**
**(Unfair Competition – Colorado Common Law)**

87. Docketly incorporates by reference paragraphs 1 through 86 of the Complaint as if set forth herein.

88. Zook has misappropriated the products of Docketly's labor, which Docketly created through extensive time, labor, skill and money, and in which Docketly has a unique pecuniary interest, including confidential and proprietary trade secrets of Docketly.

89. Zook has unfairly used these products of labor and trade secrets in competition with Docketly, and has thereby gained a special advantage in that competition. In short, Zook has had a "free ride" because he was burdened with little or none of the expenses incurred by Docketly to create and maintain these products.

90. Zook's unlawful competitive activity includes, but is not limited to, misappropriation of trade secrets, conversion, civil theft, and breach of contract.

91. Docketly has been injured in an amount to be determined at trial.

92. Zook's conduct was intentional, malicious and/or reckless, which entitles Docketly to seek punitive damages.

## EIGHTH CLAIM FOR RELIEF
### (Breach of Duty of Loyalty – Colorado Common Law)

93. Docketly incorporates by reference paragraphs 1 through 92 of the Complaint as if set forth herein.

94. By virtue of his position as a Sales Manager at Docketly, Zook owed Docketly duties of loyalty.

95. Pursuant to these duties, Zook was obligated to act in the best interest of Docketly at all times and to protect the economic and other business interests of Docketly during the time of his employment and/or agency.

96. As further set forth above, Zook breached his duty of loyalty to Docketly, causing and continuing to cause damages to Docketly in an amount to be determined at trial.

97. Further, Zook should be required to disgorge any payments received from Docketly during the time of his disloyalty, including any salary, bonuses, or other payments or compensation.

## NINTH CLAIM FOR RELIEF
### (Application for Preliminary and Permanent Injunction)

98. Docketly incorporates by reference paragraphs 1 through 97 of the Complaint as if set forth herein.

99. Unless enjoined, Zook will continue to use and disclose Docketly's trade secrets and proprietary and confidential information, giving him an unfair advantage in the marketplace.

100. Docketly will be irreparably harmed by Zook's use of Docketly's proprietary and confidential information to solicit Docketly customers for the benefit of himself, through

permanent and irreparable damage to its goodwill and business reputation with its current and prospective customers, employees, vendors, and contractors.

101. For these immediate and irreparable harms, Docketly has no adequate remedy at law. Docketly's continuing damages, if Zook is not enjoined, are likely to far exceed Zook's ability to pay such damages.

102. Docketly also faces irreparable harm with no adequate remedy at law because Docketly will lose customers and the value of its confidential and proprietary information, and such damages are of an uncertain nature, making proof difficult in some circumstances.

103. Docketly has a substantial likelihood of success on the merits of its case.

104. In order to preserve the status quo and prevent further immediate and irreparable injury, loss, and damage from occurring to Docketly, Docketly is entitled to injunctive relief in the form set forth herein, including but not limited to reviewing all electronic devices and accounts owned or controlled by Zook to confirm that they do not contain Docketly Confidential Information.

105. Docketly further requests that the Court set its request for permanent injunctive relief for a full trial, and after trial, issue a permanent injunction against Zook.

106. For the reasons set forth above, Docketly requests that the Court issue a temporary injunction and permanent injunction restraining and enjoining Zook, for a period of three years to:

    a. Refrain from using, communicating, disclosing, divulging or making available to any person or entity any confidential information that he may know or possess as a result of his employment with Docketly;

    b.    Return to Docketly within 72 hours any and all of Docketly's Confidential Information, proprietary information, and/or trade secrets he might have acquired or which are in his possession, or any documents derived from such information, without retention of any copies or versions thereof; and

    c.    Submit his electronic data systems, devices, and accounts (including any computers, servers, mobile devices, file sharing services, removable storage media, social media accounts, and email accounts) to forensic analysis to confirm that he has returned all of Docketly's Confidential Information, proprietary information, and/or trade secrets.

107.    The injunctive relief prayed for herein will do no more than restore the parties to the status that existed prior to Zook's actual and threatened unlawful conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Local Counsel, LLC d/b/a Docketly prays that the Court enters judgment in its favor and against Defendant Michael Zook, Jr. on each and every claim asserted herein, and that it be awarded the following relief:

    a.    That Zook be preliminarily and permanently enjoined from retaining, using or disclosing any Docketly Confidential Information or other confidential, proprietary or trade secret information of Docketly or any of its customers in his possession or control;

    b.    That Docketly be awarded statutory damages, actual damages, liquidated damages and punitive damages as allowed by law, including pre- and post-judgment interest, in an amount to be determined at trial;

    c.    That Docketly be awarded reasonable attorneys' fees;

    d.    That Docketly be awarded litigation costs and expenses; and

    e.    That Docketly be awarded any such further preliminary or permanent relief, including equitable relief, as this Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff requests a jury on all issues and claims that are triable to a jury.

Respectfully submitted this 23rd day of February, 2021.

    KUTAK ROCK LLP

    *s/ Chad T. Nitta*
    Chad T. Nitta
    Jill E. Beathard
    1801 California St., Suite 3000
    Denver, CO 80202
    Tel: 303-297-2400
    Fax: 303-292-7799
    chad.nitta@kutakrock.com
    jill.beathard@kutakrock.com

    *ATTORNEYS FOR PLAINTIFF*