# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No.** 21-CV-00543-DDD-MEH

LOCAL COUNSEL, LLC D/B/A DOCKETLY,

 **Plaintiff and Counterclaim Defendant**

v.

MICHAEL ZOOK, JR., an individual,

 **Defendant and Counterclaimant**.

---

## DEFENDANT'S ANSWER, DEFENSES, COUNTERCLAIM, AND JURY DEMAND

---

 Defendant Michael Zook, Jr. ("Defendant" or "Zook"), through undersigned counsel, hereby submits this Answer, Affirmative Defenses, Counterclaims, Third-Party Claims and Jury Demand (hereinafter collectively "Answer"), in response to Plaintiff Local Counsel, LLC d/b/a Docketly's ("Docketly") Complaint and Jury Demand (Document 1, Filed 02/23/2021) as follows:

### I. PARTIES

 1. Defendant admits only that Docketly conducts business in the state of Colorado. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 1 and therefore denies the same.

 2. Defendant admits that he is a Colorado resident. Defendant denies the remaining allegations of Paragraph 2.

### II. JURISDICTION AND VENUE

 3. In response to Paragraph 3, Defendant admits that the Court has jurisdiction over claims exceeding the sum of $75,000 and controversies between citizens of different states.

Defendant admits that subject matter jurisdiction is minimally proper over Defendant. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 3 and therefore denies the same.

4. To the extent Paragraph 4 alleges that Defendant, by virtue of residing in and conducting business in Colorado, committed breaches and tortious acts, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 4 and therefore denies the same.

5. Defendant admits that venue is minimally proper within the judicial district of the United States District Court for the District of Colorado. Defendant denies the remaining allegations of Paragraph 5.

### III.     <u>GENERAL ALLEGATIONS</u>

6. Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 6 and therefore denies the same.

7. Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 7 and therefore denies the same.

8. Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 8 and therefore denies the same.

9. Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 9 and therefore denies the same.

10. Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 10 and therefore denies the same.

11. Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 11 and therefore denies the same.

12. Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 12 and therefore denies the same.

13. Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 13 and therefore denies the same.

14. Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 14 and therefore denies the same.

15. Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 15 and therefore denies the same.

16. Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 16 and therefore denies the same.

17. Defendant admits only that he began working for Docketly on April 13, 2018. Defendant denies the remaining allegations of Paragraph 17.

18. Defendant admits only that as a sales manager, his job responsibilities included, amongst other things, developing strategies to obtain additional business from law firms and various other clients (both existing and prospective), meeting with clients and prospective clients to discuss Docketly services and internal initiatives, recruiting additional attorneys to become part of Docketly's network, and coordinating with Docketly's marketing department to determine pricing and variables affecting pricing throughout the United States. Defendant denies the remaining allegations of Paragraph 18.

19. Defendant admits the allegations of Paragraph 19.

20. Defendant admits only that the Non-Disclosure & Non-Compete Agreement speaks for itself. Defendant denies the remaining allegations of Paragraph 20.

21. Defendant admits only that the Docketly Terms of Use speaks for itself. Defendant denies the remaining allegations of Paragraph 21.

22. Defendant admits only that the Docketly Terms of Use speaks for itself. Defendant denies the remaining allegations of Paragraph 22.

23. Defendant admits only that while he worked at Docketly, Docketly provided Defendant with an email address and a laptop with which to perform his job functions. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 23 and therefore denies the same.

24. Defendant admits only that while he worked at Docketly, Docketly provided Defendant with an email address and a laptop with login information with which Defendant was to perform his job functions. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 24 and therefore denies the same.

25. Defendant admits the allegations of Paragraph 25.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies the same.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies the same.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and therefore denies the same.

29. Defendant denies the allegations of Paragraph 29.

30. Defendant denies the allegations of Paragraph 30.

31. Defendant denies the allegations of Paragraph 31.

32. Defendant denies the allegations of Paragraph 32.

33. Defendant denies the allegations of Paragraph 33.

34. Defendant denies the allegations of Paragraph 34.

35. Defendant denies the allegations of Paragraph 35.

36. Defendant denies the allegations of Paragraph 36.

## FIRST CLAIM FOR RELIEF
### (Violation of Computer Fraud and Abuse Act – 18 U.S.C. § 1030)

37. Defendant admits or denies the allegations contained in Paragraphs 1-36 of the Complaint as set forth above.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and therefore denies the same.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 and therefore denies the same.

40. Defendant denies the allegations of Paragraph 40.

41. Defendant denies the allegations of Paragraph 41.

42. Defendant denies the allegations of Paragraph 42.

43. Defendant denies the allegations of Paragraph 43.

44. Defendant denies the allegations of Paragraph 44.

45. Paragraph 45 states a legal conclusion for which a response is not required. To the extent a response is deemed required, Defendant denies the allegations of Paragraph 45.

## SECOND CLAIM FOR RELIEF
### (Violation of Defend Trade Secrets Act – 18 U.S.C. § 1836)

46. Defendant admits or denies the allegations contained in Paragraphs 1-45 of the Complaint as set forth above.

47. Defendant denies the allegations of Paragraph 47.

48. Defendant denies the allegations of Paragraph 48.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 and therefore denies the same.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 and therefore denies the same.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 and therefore denies the same.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 and therefore denies the same.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 and therefore denies the same.

54. Defendant denies the allegations of Paragraph 54.

55. Defendant denies the allegations of Paragraph 55.

56. Defendant denies the allegations of Paragraph 56.

57. Paragraph 57 states a legal conclusion for which a response is not required. To the extent a response is deemed required, Defendant denies the allegations of Paragraph 57.

### THIRD CLAIM FOR RELIEF
**(Violation of Colorado Uniform Trade Secrets Act – 18 C.R.S. § 7-74-101)**

58. Defendant admits or denies the allegations contained in Paragraphs 1-57 of the Complaint as set forth above.

59. Defendant denies the allegations of Paragraph 59.

60. Defendant denies the allegations of Paragraph 60.

61. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 and therefore denies the same.

62. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 and therefore denies the same.

63. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 and therefore denies the same.

64. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 and therefore denies the same.

65. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 and therefore denies the same.

66. Defendant denies the allegations of Paragraph 66.

67. Defendant denies the allegations of Paragraph 67.

68. Defendant denies the allegations of Paragraph 68.

69. Paragraph 69 states a legal conclusion for which a response is not required. To the extent a response is deemed required, Defendant denies the allegations of Paragraph 69.

## **FOURTH CLAIM FOR RELIEF**
**(Breach of Fiduciary Duty – Colorado Common Law)**

70. Defendant admits or denies the allegations contained in Paragraphs 1-69 of the Complaint as set forth above.

71. Defendant denies the allegations of Paragraph 71.

72. Defendant denies the allegations of Paragraph 72.

73. Defendant denies the allegations of Paragraph 73.

74. Defendant denies the allegations of Paragraph 74.

75. Paragraph 75 states a legal conclusion for which a response is not required. To the extent a response is deemed required, Defendant denies the allegations of Paragraph 75.

## FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment – Colorado Common Law)

76. Defendant admits or denies the allegations contained in Paragraphs 1-75 of the Complaint as set forth above.

77. Defendant denies the allegations of Paragraph 77.

78. Defendant denies the allegations of Paragraph 78.

79. Defendant denies the allegations of Paragraph 79.

80. Defendant denies the allegations of Paragraph 80.

81. Paragraph 81 states a legal conclusion for which a response is not required. To the extent a response is deemed required, Defendant denies the allegations of Paragraph 81.

## SIXTH CLAIM FOR RELIEF
### (Civil Theft – Colorado Common Law)

82. Defendant admits or denies the allegations contained in Paragraphs 1-81 of the Complaint as set forth above.

83. Defendant denies the allegations of Paragraph 83.

84. Defendant denies the allegations of Paragraph 84.

85. Defendant denies the allegations of Paragraph 85.

86. Paragraph 86 states a legal conclusion for which a response is not required. To the extent a response is deemed required, Defendant denies the allegations of Paragraph 86.

## SEVENTH CLAIM FOR RELIEF
### (Unfair Competition – Colorado Common Law)

87. Defendant admits or denies the allegations contained in Paragraphs 1-86 of the Complaint as set forth above.

88. Defendant denies the allegations of Paragraph 88.

89. Defendant denies the allegations of Paragraph 89.

90. Defendant denies the allegations of Paragraph 90.

91. Defendant denies the allegations of Paragraph 91.

92. Paragraph 92 states a legal conclusion for which a response is not required. To the extent a response is deemed required, Defendant denies the allegations of Paragraph 92.

## EIGHTH CLAIM FOR RELIEF
### (Breach of Duty of Loyalty – Colorado Common Law)

93. Defendant admits or denies the allegations contained in Paragraphs 1-92 of the Complaint as set forth above.

94. Defendant denies the allegations of Paragraph 94.

95. Defendant denies the allegations of Paragraph 95.

96. Defendant denies the allegations of Paragraph 96.

97. Defendant denies the allegations of Paragraph 97.

## NINTH CLAIM FOR RELIEF
### (Application for Preliminary and Permanent Injunction)

98. Defendant admits or denies the allegations contained in Paragraphs 1-97 of the Complaint as set forth above.

99. Defendant denies the allegations of Paragraph 99.

100. Defendant denies the allegations of Paragraph 100.

101. Defendant denies the allegations of Paragraph 101.

102. Defendant denies the allegations of Paragraph 102.

103. Defendant denies the allegations of Paragraph 103.

104. Defendant denies the allegations of Paragraph 104.

105. Defendant denies the allegations of Paragraph 105.

106. Defendant denies the allegations of Paragraph 106 and its sub-parts a, b, and c.

107. Defendant denies the allegations of Paragraph 107.

The numbered Paragraph beginning with "PRAYER FOR RELIEF" on Page 17 of Docketly's Complaint and continuing through Page 18 of the same constitute Docketly's prayer and request for relief for which no response is required. To the extent an answer is required, Defendant denies that Docketly is entitled to the relief requested.

## **DEFENSES**

Subject to the responses above, Defendant alleges and asserts the following defenses in response to Docketly's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to Defendant's response above, Defendant specifically reserves all rights to assert additional affirmative defenses in the event investigation or discovery indicates that additional affirmative defenses are appropriate, including, but not limited to, affirmative defenses for inequitable conduct, lack of standing and/or abuse of process.

1. Docketly's Complaint fails to state a claim upon which relief may be granted.

2. Docketly's claims are barred by the doctrine of *in pari delicto*.

3. Docketly's trade secret misappropriation claims are barred, in whole or in part, based on C.R.S. § 7-74-105 because they were asserted in bad faith.

4. Docketly's claims are barred, in whole or in part, because they are preempted under C.R.S. § 7-74-108.

5. Any recovery or relief to which Docketly may have been entitled (if any) is barred, in whole or in part, under the doctrine of unclean hands.

6. Docketly's active misrepresentations made in connection with any alleged or underlying agreements with Defendant excuses any conduct by Defendant and bars any recovery or relief to which Docketly may have been entitled (if any), in whole or in part.

7. Docketly's willful and wanton misrepresentations made in connection with any alleged or underlying agreements with Defendant, and made in the scope of its engagement with Defendant excuses any conduct by Defendant and/or bars any recovery or relief to which Docketly may have been entitled (if any), in whole or in part.

8. Defendant at all times acted properly, with due care and good faith, and in accordance with the law, concerning any matters at issue in this action.

9. If Docketly has suffered any loss, it must bear that proportion of the total loss, as was caused by its own culpable conduct.

10. Docketly's recovery under the Complaint and each purported cause of action alleged therein, is barred in whole or in part because Docketly has engaged in bad faith performance of its obligations and promises under any agreements with Defendant.

11. Docketly's recovery under its Complaint, and each cause of action alleged therein, is barred in whole or in part because Docketly has, in the scope of its relationship with Defendant, engaged in willful and wanton bad faith performance of its obligation and duties to Defendant.

12. Docketly's claims are barred to the extent it seeks to recover for economic loss that the law does not permit it to recover.

13. Docketly has failed to mitigate its claimed injuries, damages, and losses.

## COUNTERCLAIM

Defendant and Counter-claimant Michael Zook, Jr. ("Zook") brings the following counterclaims against Local Counsel, LLC d/b/a Docketly ("Docketly") and states as follows:

## THE PARTIES

1. Zook is a Colorado citizen and a former employee of Docketly. Zook worked at Docketly's Colorado office in Longmont from April 13, 2018 through February 10, 2021.

2. Docketly is an Indiana limited liability company doing business in the State of Colorado. Docketly is engaged in the business of contracting with local attorneys to represent its clients in court appearances usually regarding debt collection lawsuits. Docketly is a wholly owned subsidiary of ABC Legal Services, LLC.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over the subject matter of the claims herein under without limitation, 28 U.S.C. §§ 1332, 1367, and 2202.

4. The Court has personal jurisdiction over Docketly's acts and other wrongful conduct, because a substantial part of the events or omissions giving rise to Zook's claims against Docketly occurred in Colorado, and/or because Docketly acquiesced to the Court's personal jurisdiction by commencing this action against Zook in this judicial district.

5. Venue is proper under 28 U.S.C. §§ 1391(b) and 1391(c) because at all relevant times, Docketly transacted business in Colorado, and/or because a substantial part of the events or omissions giving rise to Zook's claims against Docketly occurred in Colorado and/or because Docketly acquiesced to this venue by commencing this action against Zook in this judicial district.

## FACTUAL BACKGROUND
### *Zook's Employment with Docketly*

6. On April 13, 2018, Zook began work for Docketly as an Account Representative.

7. Zook's primary responsibilities included calling and speaking with local attorneys to represent Docketly's clients in brief court appearances, usually regarding debt collection lawsuits.

8. During his employment with Docketly, Zook did not have any personal computer, flash drives, external hard drives, or movable laptop with which he carried out his duties and responsibilities with Docketly.

9. As part of his employment, Docketly gave Zook a laptop, keyboard, and monitor. At his time of hire, Zook also signed a non-compete and non-disclosure agreement with Docketly.

10. Despite the disjointed and somewhat hostile environment at Docketly, Zook faithfully executed his work responsibilities without many complaints.

11. In late 2019, and because of his diligence and excellence, Docketly promoted Zook to the position of Sales Manager. In this role, Zook's responsibilities included meeting with law firms and engaging them to post their hearings on Docketly for other lawyers to cover.

12. In his role as Sales Manager, Zook reported to Docketly's CEO – Brandon Fuller ("Fuller"). Fuller had management and supervisory authority at Docketly.

13. On February 10, 2021, and without any forewarning whatsoever, Fuller and others relocated Zook's personal belongings from his customary workstation at Docketly to an open floor on the other side of the building, before Zook reported for duty that day.

14. When Zook arrived, he inquired from Fuller why his personal belongings were abruptly and rudely relocated. Fuller never provided a coherent response to Zook's inquiry.

15. Because this occurrence was another one on the laundry list of arbitrary and unreasonable conduct by Fuller and Docketly management, Zook immediately resigned.

16. Zook then factory reset his work laptop, in the presence of multiple Docketly staff, as is customary to do when an individual resigns from Docketly.

17. In factory resetting the work computer, Zook did not download any materials, nor did he delete any information, or forward any information from the computer to himself or anyone.

18. Zook left the building, leaving behind the Docketly laptop, keyboard, and monitor that Docketly gave him for the performance of his work functions.

19. Apparently flabbergasted at the sudden resignation, Fuller chased Zook as Zook walked to his (Zook's) car and personally confronted Zook. Fuller then verbally abused Zook and threatened to make Zook's life unbearable for abruptly quitting Docketly without giving the company the customary two week notice.

20. At most, less than an hour passed between the time Zook arrived at work to discover Docketly and Fuller's unreasonable conduct, to the time that Zook completely left the work premises.

### *Docketly Interferes with Zook's Employment with Another Company*

21. On or near March 3, 2021, Zook began working for Provana, LLC ("Provana") as a Business Development Manager.

22. About three weeks into his employment with Provana, Docketly sued Zook and informed Zook's new employer of the lawsuit.

23. Provana then forensically ransacked the laptop Provana had issued to Zook to see if Zook had any information in Zook's possession related to Docketly.

24. No such discovery was made.

### *The Cease and Desist Letter*

25. In furtherance of Fuller and Docketly's determination to make Zook's life miserable, on February 16, 2021, Samuel Pierce ("Pierce") who is corporate counsel for Docketly, sent a cease and desist letter to Zook on Docketly's behalf. (*See*, **Exhibit 1**).

26. The correspondence alleged that Zook "copied and absconded with an enormous amount of [Docketly] confidential data" when Zook left Docketly's employ. (*Id*. at p. 1).

27. Docketly accused Zook of "stealing" its confidential information and demanded that Zook immediately "cease and desist any and all activities relating to, or in any way pertaining to the [Docketly] data." (*Id*. at p. 1).

28. Pierce then demanded in the letter that Zook "***IMMEDIATELY*** destroy all Data which [Zook] took from Docketly," failure for which Docketly will take "swift legal action" against Zook. (*Id*. at p. 2) (emphasis in original correspondence).

### *The Docketly Lawsuit*

29. Even though it never uncovered any evidence whatsoever that Zook took any – let alone confidential – information from it when Zook resigned, Docketly nevertheless initiated this action on February 24, 2021 and alleged a range of claims against Zook.

30. Docketly's complaint against Zook contains wild, misplaced, and unsupported factual assertions against Zook. The complaint also alleges claims against Zook for, among others, theft of trade secrets, breach of fiduciary duty, and violations of the Computer Fraud and Abuse Act – 18 U.S.C. § 1030, and the Defend Trade Secrets Act – 18 U.S.C. § 1836.

31. In reality, at no time did Zook obtain any information from Docketly that can be construed as a trade secret when Zook worked for Docketly, or on the day he terminated his relationship with the company, or at any time thereafter.

32. At no time before and after Zook terminated his employment relationship with Docketly did Zook delete, remove, or transfer any proprietary information regarding Docketly, to himself, or anyone else.

33. In deference to Docketly's allegations, Zook has expended substantial efforts and money to investigate whether he possesses any confidential information about Docketly. Thus far, no such information has been found in Zook's possession.

34. In deference to Docketly's allegations, Zook forfeited his right to privacy and gave Docketly access to his personal email address for purposes of investigating whether Zook possesses any confidential information about Docketly. Thus far, no such information has been found in Zook's possession.

35. Even if Zook possessed any information about Docketly's business, such information in Zook's knowledge constitutes independent knowledge that Zook had before he ever worked for Docketly.

36. Even if Zook possessed any information about Docketly's business, such information in Zook's knowledge constitutes basic marketing and industry information that Zook learned while working in the industry within which Docketly transacts business. As such, the information cannot be construed as trade secret.

37. Even if Zook possessed any information about Docketly's business model, such information is public information that is not unique to Docketly, and as such is not proprietary.

38. Even if Zook possessed any information about Docketly's business model, Docketly knew or should have known, that such information would have been destroyed pursuant to Docketly's February 16, 2021 letter demanding that the information be destroyed.

39. Docketly initiated this lawsuit against Zook knowing that there is no information in Zook's possession that Zook obtained about Docketly illegally, or that constitutes trade secret, confidential, or proprietary information.

40. Docketly continues to bitterly litigate this lawsuit against Zook knowing that Zook never stole, concealed, deleted or convert any information belonging to Docketly, and knowing that this lawsuit is a sham litigation designed to pummel Zook for his decision to abruptly terminate his relationship with Docketly.

## COUNTERCLAIM
### Abuse of Process

41. Zook incorporates the averments set forth in all preceding paragraphs as if fully set forth herein.

42. In the judicial proceeding before the Court, Docketly has asserted claims against Zook, knowing that the facts on which those claims are based are devoid of any truth and reasonable factual support because Zook never misappropriated any information related to Docketly, let alone information that can be construed as a trade secret.

43. In the judicial proceeding before the Court, Docketly has actively participated in misusing the legal process by filing claims against Zook based on fabricated and factually unsupported allegations. But even if supported, the claims have no cognizable basis in law.

> i. Docketly's primary motive in actively participating in misusing the legal process was, and is, to accomplish an illegitimate end, namely, to harass and punish Zook for his abrupt termination from Docketly, and to collect illegal and unjustified compensation from Zook.

44. Docketly's sham activities regarding its claims in this lawsuit adversely affect Zook's financial and privacy interests.

45. Docketly's conduct has caused Zook damages in amounts to be determined at trial.

WHEREFORE, having complained of Counterclaim Defendant Local Counsel, LLC d/b/a Docketly, Counterclaimant Michael Zook, Jr. seeks judgment in his favor against Docketly, as follows:

> A. That the Court enter judgment in favor of Zook and against Docketly on all claims;
>
> B. That the Court enter money judgment for all economic and non-economic loss to make Zook whole from and against all breaches and duties owed by Docketly to Zook;

C. That the Court award Zook his attorneys' fees, costs, and other legal and/or equitable relief as is allowed under C.R.S. §7-74-105, 18 U.S.C. § 1836, and/or as is fair and just;

D. Pre- and post-judgment statutory interest; and

E. Such other or further relief as this Court may deem just and proper.

## JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Counterclaimant Zook respectfully demands a jury trial on all issues so triable.

Respectfully submitted this 29th day of April, 2021.

*s/ Temitayo O. Okunade*
**Temitayo "Tayo" O. Okunade**
OKUNADE, LLP
10200 E. Girard Avenue, Suite C246
Denver, Colorado 80231
Telephone: (303) 440-7855
Facsimile: (303) 416-8800
E-mail: tayo@okunadellp.com
*Attorney for Defendant Michael Zook, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April 2021, I electronically filed the foregoing **DEFENDANT'S ANSWER, DEFENSES, COUNTERCLAIM, AND JURY DEMAND** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

KUTAK ROCK LLP
Chad T. Nitta
Jill E. Beathard
1801 California St., Suite 3000
Denver, CO 80202
Tel: 303-297-2400
Fax: 303-292-7799
chad.nitta@kutakrock.com
jill.beathard@kutakrock.com
*Attorneys for Plaintiff*

*s/ Jenny Benedict*
Jenny Benedict, Okunade, LLP
